# NO. 12-18-00284-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CARLOS ALBERTO OCHOA, II,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Carlos Alberto Ochoa, II, appeals his conviction for aggravated assault with a deadly weapon. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was indicted for the second-degree felony offense of aggravated assault with a deadly weapon.[1] Appellant made an open plea of "guilty" to the charged offense without a plea agreement as to punishment. Appellant also signed a written stipulation of evidence establishing all the elements of the offense, a waiver of his rights to a jury trial and confrontation, and an acknowledgement of admonishments. The trial court accepted Appellant's plea and withheld a finding of guilt until it concluded the punishment hearing. After the punishment hearing, the trial court found Appellant guilty of the offense, made an affirmative deadly weapon finding, and sentenced him to twenty years of imprisonment. This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2019).

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's appellate counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel relates that he reviewed the record and found no reversible error or jurisdictional defect. In compliance with ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), counsel's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[2]

We considered counsel's brief and conducted our own independent review of the record. ***Id.*** at 811. We found no reversible error.


## CONCLUSION

As required by ***Anders*** and ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also* ***In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with counsel that the appeal is wholly frivolous. Accordingly, we ***grant*** Appellant's counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment. Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary

---

[2] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant subsequently filed a motion for access to the appellate record, along with a motion for an extension of time to file his pro se brief. We granted both motions. The trial court subsequently filed a letter in this court certifying that it provided Appellant access to the record. Appellant also signed the letter. Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered September 11, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 11, 2019

NO. 12-18-00284-CR

**CARLOS ALBERTO OCHOA, II,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-1723-17)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*